## Smith v. First National Bank of Horse Cave.

(Decided November 16, 1926.)

### Appeal from Barren Circuit Court.

1. Banks and Banking—Evidence Held to Show Bank Director's Good Faith in Recommending Acceptance of Note and in Assuring Board that Borrower was Solvent.—Evidence held to show that director

of bank and of borrowing corporation acted in good faith in recommending that bank accept such corporation's note, and in subsequently assuring board of directors that borrower was solvent.

2. Banks and Banking—Bank Director, in Good Faith Recommending Acceptance of Note, Held Not Liable for Bank's Loss When Borrower Failed.—Bank director, who acted in good faith in recommending that note of borrower be accepted, and in subsequently assuring board of directors that borrower was solvent, held not personally liable for loss sustained by bank when borrower failed.

3. Banks and Banking—Bank Director, to Avoid Personal Liability, Must Exercise Only that Degree of Care Ordinarily Exercised by Prudent Bankers.—Bank director must exercise that degree of care ordinarily exercised by prudent bankers under like circumstances, but is not liable for errors of judgment, where there is no bad faith.

WHITE & SMITH and C. H. HATCHETT for appellant.

BASIL RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In 1905, the new Glasgow Planing Mill Company, incorporated, executed its note to W. B. Smith, a banker of Glasgow, for $2,500.00, intending that Smith should indorse the note to appellee, First National Bank of Horse Cave, and thus obtain money for the use and benefit of the planing mill company, of which Smith was a director. The note was not paid at maturity but renewed by the planing mill company.

In 1907 appellant, Smith, then a director of the bank, declined to again indorse the paper and the bank accepted the paper without his indorsement and continued to carry it along and to allow the mill company to renew it from time to time until about 1915, when it sent the note to Smith, a banker at Glasgow, for collection.

This suit was instituted by appellee, First National Bank of Horse Cave, against W. B. Smith and the new Glasgow Planing Mill Company, a corporation, to recover on the note, all the facts above recited being alleged and the further fact that appellant, Smith, had, while a director of the appellee bank, assured the bank and its board of directors that the note was good and that the planing mill company was solvent and able to pay, and further, that Smith had verbally guaranteed the payment

of the note and had thus induced the bank not only to accept the note originally but to carry it along after the planing mill company had become insolvent. Smith while admitting that he was a director of the Horse Cave Bank at the time of the making of the note and for some years thereafter, and was also a director of the planing mill company at the time it borrowed the money and he indorsed the original note, denied that he had falsely, fraudulently or in bad faith, induced the bank to accept the paper of the planing mill company or had guaranteed the payment of the note, and pleaded and relied upon the statutes of frauds and perjuries as a bar to the right of the bank to recover.

Appellee bank insists that appellant Smith was bound to exercise the utmost good faith towards it while acting as a director of that institution, especially in obtaining a loan for his milling company, and in case he failed to do so was liable to the bank for any loss it sustained by reason of extending the loan to the planing mill company; and further, that the statements and representations of Smith made to the bank and its officers and board of directors, if made without knowledge of their falsity, did not relieve him from liability if he failed to exercise ordinary care to acquaint himself with and know the facts with respect to the ability of the planing mill company to meet and pay its obligations.

The evidence shows that appellant, Smith, is a banker at Glasgow, and has been for a number of years. He was also interested in appellee bank at Horse Cave for a long time. There seems now to be much jealousy between those in control of the two banks and much ill feeling over the present litigation. About 1905, when the Horse Cave Bank was organized and while Smith was acting as a director in that institution, the bank having money to loan, asked him to secure good paper for it in Barren county, the home of Smith, and Smith did so on a number of occasions. It was during the time that Smith was acting in this capacity for appellee bank that the note of the planing mill company was executed by the milling company to Smith and indorsed by Smith to the appellee, Horse Cave Bank. The evidence also clearly shows that Smith declined to indorse the paper as early as 1907, and that the bank, through its board of directors, meeting regularly each month, took and accepted the renewal of the note by the planing mill company without the indorse-

ment of Smith. At subsequent meetings of the board of directors the planing mill company's note was approved, sometimes upon the statement of appellant Smith that it was good and that the planing mill company was financially all right. Some of the witnesses even say that appellant, Smith, would upon such occasions say that all the paper which he had recommended from Barren county was all right, and the makers thereof were solvent, and that he would guarantee the payment of it all. However, no written guaranty of the paper was produced upon the trial, nor was any claimed, and Smith testifies that no such guaranty was given by him either verbally or otherwise. Smith testified that the attention of the board of directors was called to the fact that he had declined to indorse the paper of the milling company in 1907, but notwithstanding this the bank approved the renewal and continued the loan. As appellant Smith was a director in the planing mill company he is charged by the appellee bank with failure to exercise that degree of care due from a director of a bank to the institution when he failed to advise himself of the actual financial condition of the planing mill company which became insolvent in 1914 or 1915, and the bank now insists that his failure to exercise such care requires him to sustain the burden of the loss and save the bank harmless. Evidence for Smith, however, shows that the planing mill company at the time it obtained the loan in 1905 was a going concern apparently in a prosperous condition and that for some years thereafter it was regarded by prudent bankers and business men of Glasgow and vicinity as entirely solvent; that its books showed profitable business and that the corporation was solvent. Other banks and bankers in the vicinity, acquainted with the situation, loaned the milling company money along about the time this loan was made and through the subsequent years when this note was being renewed, proving, as it would seem, that the planing mill company was not insolvent or at least did not appear to be, but on the contrary bore the reputation and aspect of a prosperous industrial plant. Smith testified that he believed it to be solvent and believed the note to be good and told appellee bank that he had at different times loaned the company his individual money and extended the company loans from his bank, all of which would seem to prove that he was acting in good faith, and stating what he believed to be true when he represented to ap-

pellee bank that the note of the planing mill company was good. If he acted in good faith in recommending to the appellee bank that it take and accept the $2,500.00 note of the planing mill company and was in good faith when he assured the board of directors at subsequent times that the planing mill company was solvent and that its note was good, he is not now liable, for the law only requires that a director of a bank shall exercise that degree of care which ordinarily prudent bankers usually exercise under like circumstances and is not liable for errors of judgment where there is no bad faith.

The weight of the evidence is with appellant, Smith, on the question of his good faith, and we must hold that the learned special judge who decided the case was in error in holding to the contrary. Judgment should have been entered exonerating Smith from liability.

Appellee bank insists that it sent the note to appellee Smith for collection and that inasmuch as he failed to make diligent effort to collect it while the planing mill corporation was a going concern, he became liable individually, being surety of the principal and agent of the bank. Without going into a discussion of the soundness of this rule it will be sufficient to say that the evidence shows that the note was not sent to Smith until about 1915, some time after the planing mill corporation had become insolvent and its affairs had been wound up; therefore, the rule which appellee bank would invoke has no application here.

For these errors the judgment is reversed, with directions to enter judgment in conformity with this opinion.